1  **ROBERT H. REXRODE, III**
   California State Bar No. 230024
2  427 C Street, Suite 300
   San Diego, California 92101
3  Telephone: (619) 233-3169, Ext. 13
   Facsimile: (619) 684-3553
4  robert_rexrode@rexrodelawoffices.com

5
   Attorney for Mr. Jose Baudilo Gastelum
6

7
                    UNITED STATES DISTRICT COURT
8
                   SOUTHERN DISTRICT OF CALIFORNIA
9
                      (**HONORABLE PETER C. LEWIS**)
10

11 UNITED STATES OF AMERICA,        )   CASE NO.   08mj8509
                                    )
          Plaintiff,                )   DATE:      June 19, 2008
12 v.                               )   TIME:      1:30 p.m.
                                    )   **PLACE:   United States District
13                                  )              Courthouse, El Centro, Ca.**
   JOSE BAUDILIO GASTELUM,          )
14                                  )   NOTICE OF DEFENDANT'S REPLY TO
                                    )   GOVERNMENT'S RESPONSE
15        Defendant.                )
                                    )
16 _____  )   _____

17

18 TO:  KAREN P. HEWITT, UNITED STATES ATTORNEY,
        CHARLOTTE KAISER, ASSISTANT UNITED STATES ATTORNEY, AND
19      JOHN WEIS, ASSISTANT UNITED STATES ATTORNEY:

20      PLEASE TAKE NOTICE that on June 19, 2008, at 1:30 p.m., **at the United

21 States District Courthouse in El Centro, California**, or as soon thereafter as counsel

22 may be heard, the defendant, Jose Gastelum, by and through his counsel, Robert Rexrode,

23 will ask this Court to consider this Reply to the Government's Response.

24
                              Respectfully submitted,
25

26                            ___/s/ Robert H. Rexrode_____
   Dated: June 18, 2008       **ROBERT H. REXRODE, III**
27                            Attorney for Mr. Gastelum
                              robert_rexrode@rexrodelawoffices.com
28

**ROBERT H. REXRODE, III**
California State Bar No. 230024
427 C Street, Suite 300
San Diego, California  92101
Telephone:  (619) 233-3169, Ext. 13
Facsimile:  (619) 684-3553
robert_rexrode@rexrodelawoffices.com

Attorneys for Mr. Jose Baudilo Gastelum

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE PETER C. LEWIS**)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  08mj8509 |
| Plaintiff, | ) | |
| v. | ) | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND |
| JOSE BAUDILIO GASTELUM, | ) | AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS. |
| Defendant. | ) | |
| _____ | ) | |

**I.**

**PROCEDURAL HISTORY**

On June 13, 2008, Mr. Gastelum filed a limited discovery motion and a limited preservation motion with this Court.  On June 18, 2008, Mr. Gastelum received the government's response to his limited motions.  This reply follows.

**II.**

**REPLY TO GOVERNMENT'S RESPONSE**

In its response, the government chooses not to address the substance or merits of Mr. Gastelum's limited discovery and preservation motions.  *See* United State's Response to Defendant's Motions.  Rather, the government states that this Court does not have the power to hear Mr. Gastelum's motions. *Id*.  The government is wrong.

Magistrate Courts unquestionably have the power to hear "non-dispositive" matters. Fed. R. Crim. Pro. 59 (a).  A discovery motion is a non-dispositive matter.  *Cf. United States*

1  *v. Bogard*, 846 F.2d 563, 567-68 (9th Cir. 1988) (discussing magistrate judge's discovery
2  rulings). In the statute authorizing the creation of magistrate judges, 26 U.S.C. § 636, a
3  discovery motion is neither listed as a type of motion that magistrate judges are prohibited
4  from hearing, nor is it analogous to any of those listed motions. *See* 26 U.S.C. § 636
5  (b)(1)(A); *see also Maisonville v. F2 America, Inc.*, 902 F.2d 746, 748 (9th Cir. 1990) ("any
6  motion not listed [in 26 U.S.C. § 636 (b)(1)(A)], nor analogous to a motion listed in this
7  category, falls within the non-dispositive group of matters which a magistrate may
8  determine"). There is clearly no statutory bar to this Court hearing Mr. Gastelum's motions.

9        Nonetheless, the government argues that "[b]ecause a district judge has not referred
10 Defendant's Motions to the Court, they cannot be heard at this time." *See* United State's
11 Response to Defendant's Motions. This assertion by the government is incorrect—first, as
12 a matter of interpretation of the local rules, and second, as a matter of due process.

13       Under the local rules applicable to this judicial district, magistrate judges have the
14 enumerated power to "[p]erform any additional duty not inconsistent with the Constitution
15 and laws of the United States." Crim. L.R. 57.4 (c)(11). As discussed immediately above,
16 ruling on a non-dispositive motion is clearly consistent with the Constitution and laws of the
17 United States. And although not mentioned by the government in its papers, even though the
18 local rules preclude a magistrate judge from ruling on a criminal motion once that motion is
19 calendared before the district court, *see* Local Criminal Rule 57.3, Mr. Gastelum filed his
20 limited discovery and preservation motions before this Court well before his case received
21 designation to a district judge. There is nothing in the local rules that prevents this Court
22 from ruling on Mr. Gastelum's limited motions.

23       Additionally, due process requires that Mr. Gastelum be able to file such motions
24 before this Court. The position of a magistrate judge was developed to ease the burden on
25 Article III judges. *See Peretz v. United States*, 501 U.S. 923, 928 (1991). Noteworthy as that
26 goal may be, where the designated duties and responsibilities of a magistrate judge act in
27 such a way to deny a criminal defendant of his or right to due process, those responsibilities
28 must be construed in such a way as to comport with due process. *See, e.g., United States v.*

1  *Ridgeway*, 300 1153, 1155-57 (9th Cir. 2002) (although district court may *adopt* a magistrate
2  judge's recommendation regarding a suppression motion without rehearing testimony, due
3  process requires that a district court rehear suppression hearing testimony in order to *reject*
4  magistrate judge's recommendation).

5        Against this backdrop, constitutional concerns demand that Mr. Gastelum's motions
6  be heard by this Court.  As a manner of convenience to the district judges in this district,
7  magistrate judges are authorized to conduct arraignments in a criminal case.  Crim. L.R. 57.3
8  (c)(1).  As a practical matter, this means that there will be, at a minimum, a ten-day delay
9  before a district judge is assigned to any particular criminal case.  *See* Fed. R. Crim. P. 5.1
10 (c).  Following this minimum delay of ten days, there is (by practice) a further delay of a
11 month or more before a motion hearing is held before the district court.  In most cases, this
12 is all well and good.  However, in cases where preservation of evidence and limited
13 discovery decisions must be made expeditiously in order to preserve the evidentiary value
14 of a person or thing, magistrate judges must be able to enter protective orders to ensure a
15 defendant's due process right to fair trial, as well as his or her rights under the Sixth
16 Amendment.

17       Nor is such an order unknown in this district.  Indeed, one such order, made by
18 Magistrate Judge Ruben B. Brooks, was signaled out by a Ninth Circuit judge as completely
19 appropriate under the circumstances of that case: "The magistrate judge was not satisfied
20 with the government's assurances that it picked the best witnesses for the defense, nor was
21 he cowed by fears that Mexico might send a regiment of Federales to rescue the aliens.
22 Rather, he did the entirely sensible thing -- he ordered the aliens detained long enough for
23 defense counsel to talk to them." *United States v. Ramirez-Lopez*, 315 F.3d 1143, 1168 (9th
24 Cir. 2003) (Kozinski, J., dissenting), *opinion withdrawn following government's dismissal*
25 *of the case*, 327 F.3d 829 (9th Cir. 2003).

26       In sum, this Court has the power to hear Mr. Gastelum's motions.  Mr. Gastelum's
27 requests are limited and reasonable and tailored to the facts of his case.  The Court should
28 grant them.

**III.**

**CONCLUSION**

Mr. Gastelum requests this Court consider this reply when deciding his previously filed motions.

Respectfully submitted,

Dated: June 18, 2008

 /s/ Robert H. Rexrode
**ROBERT H. REXRODE, III**
Attorney for Mr. Gastelum
robert_rexrode@rexrodelawoffices.com

1  **ROBERT H. REXRODE, III**
   California State Bar No. 230024
2  427 C Street, Suite 300
   San Diego, California 92101
3  Telephone: (619) 233-3169, ext. 13
   Facsimile:  (619) 684-3553
4  robert_rexrode@rexrodelawoffices.com

5

6  Attorney for Mr. Jose Baudilo Gastelum

7

8                       UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

                          **(HONORABLE PETER C. LEWIS)**
10

11 UNITED STATES OF AMERICA,        )   CASE NO.  08mj8509
                                    )
12              Plaintiff,           )
                                    )
   v.                               )
13                                  )   PROOF OF SERVICE
   JOSE BAUDILIO GASTELUM,          )
14                                  )
                Defendant.          )
15 _____  )   _____

16

17        Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best

18 of his information and belief, and that a copy of the foregoing document has been served via

19 CM/ECF and email this day upon:

20        Charlotte Kaiser, Assistant United States Attorney
          charlotte.kaiser@usdoj.gov
21        John Weis, Assistant United States Attorney
          john.weis@usdoj.gov
22

23

24                                         Respectfully submitted,

25                                         /s/    Robert H. Rexrode

26 Dated: June 18, 2008                    **ROBERT H. REXRODE, III**
                                           Attorney for Defendant
27                                         robert_rexrode@rexrodelawoffices.com

28